UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL GAMMILL,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>    Defendant. | Civil Action No. 11-409 (JDB) |

## MEMORANDUM OPINION

Plaintiff Paul Gammill, proceeding pro se, brings this action against defendant the United States Department of Education ("DOE") under the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8). Gammill alleges that he was fired in retaliation for "whistleblowing" activities protected under federal law. Before the Court is [14] DOE's motion to dismiss for lack of subject-matter jurisdiction under Federal Civil Rule 12(b)(1), [16] [23] [29] Gammill's three "motions for order to rule in favor of the plaintiff," [31] DOE's motion to strike the third of such motions, and [39] Gammill's motion to strike DOE's motion to dismiss. For the reasons set forth below, DOE's motion to dismiss for lack of subject-matter jurisdiction will be granted, and the parties' other pending motions will be denied as moot.

## BACKGROUND

Paul Gammill is a former employee of the Department of Education. His most recent appointment was in February 2009, to the position of Supervisory Management/Program

Analyst.  Def.'s Mot. to Dismiss ("MTD") [ECF No. 14] at 2.[1]  Shortly after accepting this position, tensions developed between Gammill and his supervisor, Carmel Martin.  See Am. Compl. ("Compl.") [ECF No. 10-1] at 1-2.  Gammill felt that Martin was leading the office down an improper path by trying to evade the privacy protections of the Family Educational Rights and Privacy Act ("FERPA").  See id.  On December 1, 2009, during a train ride to Philadelphia on his way to an education conference, Gammill revealed his concerns to FERPA experts outside the agency, as well as attorneys at DOE's Office of General Counsel.  Six weeks later, Gammill was fired.  Id. at 3.  Alleging that DOE terminated him in retaliation for his whistleblowing, Gammill started pursuing administrative remedies, bringing his claim before the Office of Special Counsel and the Merit Systems Protection Board ("MSPB").  Id. at 6.  He lost at both stages of the administrative process, with the MSPB decision becoming final on April 27, 2011.  MTD at 3.

Gammill filed this lawsuit on February 18, 2011 (before the MSPB's decision had become final).  Original Compl. [ECF No. 1].  Gammill later sought leave to file an amended complaint, which the Court granted.  [ECF No. 10].  The amended complaint—the operative complaint here—was deemed filed on January 9, 2013.  Id.  DOE filed a motion to dismiss under Federal Civil Rule 12(b)(1) shortly thereafter, arguing that this Court lacks subject-matter jurisdiction to adjudicate Gammill's claim.  After the motion to dismiss was fully briefed, Gammill filed three short motions, each asking the Court to "rule in favor of the Plaintiff."  See,

---

[1] Because Gammill's pleadings contain a very light treatment of the factual and procedural background, the Court cites, at times, to DOE's motion to dismiss.  In ruling on a motion to dismiss for lack of subject-matter jurisdiction under Federal Civil Rule 12(b)(1), "where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's

e.g., [ECF No. 16]; [ECF No. 23]; [ECF No. 29]. DOE filed a motion to strike the third such motion, arguing that Gammill's serial filings effectively amounted to unauthorized surreplies to the motion to dismiss. [ECF No. 31]. Gammill then filed a motion to strike DOE's motion to dismiss. [ECF No. 39].

## **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). It is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (internal citation omitted). Hence, "[o]n a motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction." Adams v. U.S. Capitol Police Bd., 564 F. Supp. 2d 37, 39-40 (D.D.C. 2008). And "[b]ecause subject matter jurisdiction focuses on the court's power to hear the claim," a court "must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim." Bailey v. WMATA, 696 F. Supp. 2d 68, 71 (D.D.C. 2010). Nevertheless, the court must still "accept all of the factual allegations in the complaint as true." Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005). If "a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); accord Fed. R. Civ. P. 12(h)(3).

---

resolution of disputed facts." Coal. for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003).

## ANALYSIS

The WPA provides a private right of action for employees who suffer retaliation as a result of protected whistleblowing activities. See 5 U.S.C. § 1221(a). By statute, a whistleblowing employee must exhaust two layers of administrative remedies: first before the Office of Special Counsel, and then, if still aggrieved, before the Merit Systems Protection Board. See id. § 1214(a).

A whistleblowing employee who receives an adverse ruling from the MSPB may obtain judicial review of that ruling in the federal courts. But which federal court? That depends on two factors: (1) whether the employee, in addition to a WPA claim, is also bringing an employment discrimination claim, and (2) whether the employee is filing the petition for review "[d]uring the 2-year period beginning on" December 27, 2012. See 5 U.S.C. § 7703(b)(1). WPA cases that include at least one employment discrimination claim—so-called "mixed" cases—may be brought in federal district court. See id. On the other hand, "pure" WPA cases may only be reviewed by the courts of appeals. To be precise, pure cases filed "during the 2-year period beginning on" December 27, 2012 may be filed in "any court of appeals of competent jurisdiction," and all others "shall be filed in the United States Court of Appeals for the Federal Circuit." Id.

Despite this "complicated, at times confusing, process," Kloeckner v. Solis, 133 S. Ct. 596, 603 (2012), federal courts have been strict in keeping whistleblowing plaintiffs on the proper procedural pathway. See, e.g., Stella v. Mineta, 284 F.3d 135, 142 (D.C. Cir. 2002) ("The MSPB's decision is appealable to the Federal Circuit. Under no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance.") (internal citation omitted); Coffman v. Glickman, 328 F.3d 619,

621 (10th Cir. 2003) ("Review of a MSPB determination which does not involve claims of unlawful discrimination is conducted by the United States Court of Appeals for the Federal Circuit."); DeSantis v. Napolitano, 716 F. Supp. 2d 1100, 1113 (D.N.M. 2010) ("Appeals of MSPB Final Orders that do not include claims of unlawful discrimination can be filed only in the Federal Circuit."); Ghaly v. USDA, 228 F. Supp. 2d 283, 288-89 (S.D.N.Y. 2002) ("Challenges to a final MSPB decision on a claim of violations of the Whistleblower Protection Act of 1989 must be raised before the Court of Appeals for the Federal Circuit, not here."); Ugarte v. Johnson, 40 F. Supp. 2d 178, 181 (S.D.N.Y. 1999) ("[T]he act allows judicial review of decisions of the [MSPB] solely by the Court of Appeals for the Federal Circuit. . . . A narrow exception confers jurisdiction in a federal district court of certain claims of discrimination. . . . Plaintiff here, however, has raised no such discrimination claims that would give this court jurisdiction to review her case.") (internal citations omitted).

Hence, the DOE is correct: this Court lacks jurisdiction to decide Gammill's claim under the Whistleblower Protection Act, and the complaint must be dismissed. Gammill brings only a WPA claim, so this is not a "mixed" case that can be brought in federal district court. See Compl. at 6 ("[T]he Department of Education illegally terminated [m]y employment in violation of Whistleblower Retaliation Law.") (citing 5 U.S.C. § 2303(b)(8)). Arbitrary or not, the Court is bound by statutory limits on its jurisdiction. This Court does not have subject-matter jurisdiction over this case, which should have been filed in the Court of Appeals for the Federal Circuit.[2] In light of this decision, the Court need not address the parties' other pending motions,

---

[2] Gammill first sought judicial review on February 18, 2011, which was before the "effective date" of the Whistleblower Protection Enhancement Act of 2012. See Pub. L. No. 112-199, § 200 (2012) (defining the "effective date" of the law as "30 days after the date of enactment of this Act," which was November 27, 2012). For that reason, the Court of Appeals

which will be denied as moot.

## **CONCLUSION**

For the foregoing reasons, the Department of Education's motion to dismiss for lack of subject-matter jurisdiction will be granted. The parties' other pending motions will be denied as moot. A separate order accompanies this memorandum opinion.

/s/
JOHN D. BATES
United States District Judge

Dated: November 18, 2013

---

for the Federal Circuit would seem to be the only court of appeals that can adjudicate his case. But the court need not, and does not, decide that question, because it is clear that <u>this</u> Court does not have subject-matter jurisdiction.